UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM F. REDE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-11492-DJC |
| ) | |
| WILLIAM FRANCIS GALVIN, et al., ) | |
| ) | |
| Defendants. ) | |

*(Note: plaintiff name appears as "WILLIAM F. READE, JR.")*

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                October 30, 2012

### I.  Introduction

Plaintiff William F. Reade, Jr. ("Reade") brings this action in which he claims that the Commonwealth's Secretary of State, William Francis Galvin ("Galvin"), failed to respond to Reade's objection to the inclusion of President Barack Obama on the state's presidential primary election ballot and failed to respond to Reade's request for access to public records. The plaintiff also alleges that the Commonwealth's Attorney General, Martha Mary Coakley ("Coakley"), failed to respond to Reade's complaint concerning Galvin. Reade also seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the motion for leave to proceed *in forma pauperis* is GRANTED and this action is DISMISSED.

### II.  Background

The Court summarizes the allegations of the complaint. On January 5, 2012, Reade mailed to Galvin an objection to the inclusion of President Obama's name on the primary election ballot in the Commonwealth. The plaintiff objected on the ground that President Obama allegedly was not

born in the United States. Galvin never formally responded to the objection, although two government employees within Galvin's office told Reade that Obama would be on the ballot.

Believing that Galvin had violated state and federal law by failing to respond, on January 22, 2012, Reade sent a letter to Coakley complaining of Galvin's inaction. Coakley's office sent a letter to Reade stating that it would not further investigate or intervene in the matter. Reade then petitioned Galvin and Coakley for an out-of-state civil rights attorney to represent him in this matter; Reade alleges that Galvin and Coakley did not respond to this request. Reade also alleges that Galvin also did not respond to Reade's April 1, 2012 request under Mass. Gen. L. c. 66, § 10 and 5 U.S.C. § 552 for documents proving that President Obama is a natural born citizen of the United States and other documents related to the inclusion of President Obama on the ballot.

Reade asks that the Court order the Commonwealth to perform an investigation to determine whether President Obama meets all requirements to be on the presidential ballot and that President Obama's name be removed from the ballot pending this investigation. Reade also asks that Coakley be required to investigate the plaintiff's allegations of misconduct.

### III.    Discussion

#### A.    Motion to Proceed *In Forma Pauperis*

Upon review of the motion to proceed *in forma pauperis*, the Court concludes that Reade may proceed without prepayment of the filing fee. The motion is therefore GRANTED.

#### B.    Screening of the Complaint

##### 1.    Court's Authority to Screen the Complaint

Because the plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a

plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Further, a court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). District courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a) ("§ 1332"). Although the complaint does not contain the required jurisdictional statement, see Fed. R. Civ. P. 8(a)(1) (complaint must contain "a short and plain statement of the grounds for the court's jurisdiction") the Court assumes that Reade is invoking the Court's subject matter jurisdiction under § 1331.[1] While the complaint–which is primarily a recitation of Reade's contacts with state agencies–does not clearly articulate separate claims, the Court discerns that Reade's claims under federal law are for violations of his right to due process under the Fourteenth Amendment of the United States Constitution and a challenge to the inclusion of President Obama on the presidential ballot.

In reviewing the sufficiency of the complaint, the Court liberally construes the pleading because the plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an

---

[1] Jurisdiction under § 1332 does not appear to exist because Reade represents that he is a resident of Massachusetts and the two defendants are state officials.

opportunity to be heard . . . is disfavored in federal practice," where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate.  Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001).

### 2. Due Process

Reade's theory of liability in regards to alleged violations of his due process rights appears to be that Galvin was required under Mass. Gen. L. c. 55B, § 4 to respond to Reade's objection to the inclusion of President Obama on the primary ballot, and that Galvin violated Reade's Fourteenth Amendment right to due process by failing to respond to comply with the statute.

The due process clause of the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  "A liberty interest may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies . . . ."  Id.

Here, Reade has failed to allege a protected liberty interest in regard to his claim that Galvin was required to act upon Reade's objection to the inclusion of President Obama on the ballot.  Reade does not claim that the Constitution provides a liberty interest in having President Obama's eligibility for ballot investigated by state officials.  The Court assumes that, in invoking in Mass. Gen. L. c. 55B, §§ 4 and 5, Reade contends that these statutes give him a liberty interest under the alleged circumstances.  However, these statutes do not provide the basis for a due process claim.  Section 5 of Mass. Gen. L. c. 55B permits an individual to file "objections to certificates of nomination and nomination papers for candidates at a presidential primary."  Mass. Gen. L. c. 55B, § 5.  Section 4 states that the state ballot law commission "*may* investigate upon objection . . . the

legality, validity, completeness and accuracy of all nominations papers" and "shall have jurisdiction over and render a decision on any matter referred to it . . . ." Mass. Gen. L. c. 55B, § 4 (emphasis added). Together, the two statutes (1) provide a mechanism by which an individual may to object to the inclusion of a name on a ballot; and (2) *permit*–but not require–the state ballot commission to investigate an objection and render a decision thereon. Far from bestowing a liberty interest, Massachusetts law does not even require Galvin or the state ballot commission to investigate every objection filed under Mass. Gen. L. c. 55B, § 5. See Johnson v. Rodriguez, 943 F.2d 104, 109 (1st Cir. 1991) (extinction of protected liberty interest occurs "when the state contravenes *clear and unequivocal requirements*" (emphasis added)). Similarly, Attorney General Coakley did not have a duty under the law to investigate Reade's contention that the Secretary of State had not fulfilled his statutory obligations. Therefore, Reade's due process claims fail.[2]

### 3. Challenge to Ballot

To the extent that Reade is attempting to bring a claim to remove President Obama's name from the presidential ballot on the ground that he is ineligible for that office, Reade lacks standing. Federal courts have jurisdiction under Article III of the U.S. Constitution only if the plaintiff has standing to sue. See Horne v. Flores, 557 U.S. 433, 445 (2009). "To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." Id. However, a "generalized interest of all citizens in constitutional governance," such as the one Reade presents, does not suffice

---

[2]Reade also suggests that he is bringing a claim under the Freedom of Information Act ("FOIA"). However, it is beyond question that FOIA applies only to federal and not to state agencies. See 5 U.S.C. §§ 551(1), 552(a); see also Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997).

5

to confer standing. <u>Schlesinger v. Reservists Comm. to Stop the War</u>, 418 U.S. 208, 217 (1974). Therefore, Reade lacks standing to challenge President Obama's eligibility for the presidency, just as others who have made similar claims were found to lack standing. <u>See, e.g.</u>, <u>Drake v. Obama</u>, 664 F.3d 774, 782 (9th Cir. 2011); <u>Berg v. Obama</u>, 586 F.3d 234, 239 (3d Cir. 2009); <u>cf.</u> <u>Hollander v. McCain</u>, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) (voter did not have standing to challenge presumed presidential nominee's inclusion on ballot despite voter's argument that nominee was not born in the United States).

### C. Dismissal of Action

Because it is clear that the plaintiff cannot cure the defects of his claims under federal law, the Court will not permit him to amend the complaint. In the absence of a viable claim under federal law, the Court declines to exercise supplemental jurisdiction over any state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the aforementioned reasons:

1. The motion (#2) for leave to proceed *in forma pauperis* is GRANTED.

2. This action is DISMISSED. The claims under federal law are dismissed for failure to state a claim upon which relief may be granted and for lack of standing. Any state law claims are dismissed without prejudice for lack of subject matter jurisdiction.[3]

---

[3] To the extent that Reade invites the Court to recuse itself, D. 6 at 2, this Court declines to do so. Reade's suggestion does not raise a concern that the Court's impartiality might reasonably be questioned and the Court finds that none of the circumstances mandating recusal are present here.

**So ordered.**

          /s/ Denise J. Casper
United States District Judge